861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Glenn ARMSTRONG, Rex Bailey, Jr., Ivy Boullion, Briscoe
Production Co., Donald Joe Bulanek, Donnie Bulanek, Nelson
Bulanek, Pat Bulanek, C.J. Christofferson, Lamar Coleman,
Melvin Coleman, J.A. Farrell, R.C. Farrell, Rufus Farrell,
J.T. Garrett, Hall's Bayou Ranch, C.L. Higgins, James
Holston, R.G. Huepers, Ricky & Randy Johnston, Don Lecompte,
Mary F. Lecompte, Richard Lecompte, James McRae, Berry
Miller Estate, Wayne Miller, Jeff Olsovsky, John Phillips,
D.W. Pryor, Robert J. Staples, Walter Todd, Mark Tomlinson,
Paul Threadgold, Herbert Weige, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee,
Ed Bieri, d/b/a Bieri & Son, Leroy Bieri, d/b/a Bieri & Son,
George Bofysil, Chapparell Farms, Laverene C. Coale, Steve
Coleman, Devillier Bros., David Jenkins, T.F. Jenkins, d/b/a
Jenkins-Dailey Farms, Hubert Henry and Richard Lee, Johnston
Brothers, Jones and Allen Farms, Clarence Kucera, Lost Prong
Ranch, Dorothy McBride, heir and devisee of W.C. McBride,
Dec'd, Eileen McBride, J.C. McBride, J.W. McBride, V.C.
McGinnes, David Murrell, J.W. Murrell, Ronald Murrell, D.L.
Pryor, Philip Rickaway, Thresa Scott, David S. Smith, Jr.,
Tim Todd, a/k/a Timmothy Todd, W.C. Todd, II, Martha Lee
Threadgold, Carole Rosalyn Waguespack, James E. Weaver,
Winzer Bros., Max Wollam, Michael Wollam, Intervenors-Appellants.
 No. 88-1146.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1988.
 
 Before FRIEDMAN, PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The summary judgment of the United States Claims Court, No. 282-85C, in favor of the United States is affirmed.
 
 OPINION
 
 2
 Appellants do not contend on appeal that there was a genuine issue of material fact precluding the grant of summary judgment. See Rule 56(c) of the Rules of the United States Claims Court; Imperial Van Lines Int'l, Inc. v. United States, 821 F.2d 634, 637 (Fed.Cir.1987). Instead, appellants' arguments primarily relate to legal questions of contract interpretation. P.J. Maffei Bldg. Wrecking Corp. v. United States, 732 F.2d 913, 916 (Fed.Cir.1984).
 
 
 3
 Appellants concede that the Commodity Credit Corporation (CCC) reserved the right to compensate for quality differences between the rice entitlement specified in a Payment-In-Kind (PIK) contract and the rice delivered to a participant in the PIK program. They contend, however, that because the Entitlement Form, Form CCC 477-1, reflected no change in quality the government may not vary from the quantity and quality shown on that form.
 
 
 4
 The Claims Court fully considered appellants' arguments. It determined that the Entitlement Form was not intended to be a modification of the contract and that reading the contract documents as a whole, see Merando, Inc. v. United States, 475 F.2d 603, 605 (Ct.Cl.1973), the "CCC reserved the right to compensate [appellants] with different quality rice and to account for such difference by a quantity adjustment upward of delivered rice of less quality." Moreover, the Claims Court found that the use of the CCC loan rate, which was designed to accommodate administration of the PIK program on a nationwide basis, to make the adjustment was rationally based and consistent with the applicable statutes. See Carruth v. United States, 627 F.2d 1068, 1076 (Ct.Cl.1980) (judicial review of decisions of Secretary of Agriculture relating to price supports limited to determining that he acted rationally and within his statutory authority).
 
 
 5
 We are not persuaded that the Claims Court incorrectly interpreted the contracts at issue or otherwise erred as a matter of law. Accordingly, the judgment is affirmed on the basis of the Claims Court's opinion.